Mr. Justice Johnson
delivered the opinion ofthe court:
All the difficulties which the arguments in support of this motion have presented, appear.to me to have originated in confounding the contract itself with the evidences of it.; or rather in supposing that the note itself was the only evidence of what was intended..
It is generally true, that when a contract is reduced to Writing, that constitutes the only evidence of it.- Yet, it *370 is equally .true, that if there be no consideration, (especially in contracts not under seal,) or if the consideration fail, or it be obtained by fraud, or is against law, the defendant may avail himself of it; and most usually, parol proof is the. only evidence of which the thing is susceptible. And this holds good with respect to promissory notes for another reason, when the consideration is not expressed, but is supplied by the words, “ value received,” leaving it uncertain what it was, and can only be explained by parol proof. Numerous instances of this daily occur in our courts.
Williams, for the motion,
Johnson, contra.
When we examine the consideration of this note with the light which the parol evidence sheds upon it, the corrupt agreement is apparent. There-was a promise to give, and a consent to accept, more than lawful' interest, and this, according to the plaintiff’s own evidence, was the sine qua non of the contract.
But it is said this promise did not constitute an agreement, because it was merely honorary, and imposed no obligation on the defendant. This course of reasoning would lead to the ridiculous result, that a party could not incur the forfeitures and penalties attached to usury, because the act by which it was consummated imposed no obligation. Agreements against law have the form, but iiot the binding efficacy of contracts ; consequently, all the obligation they impose, must, óf necessity, be only honorary.
The evidence leaves no doubt about the fact, that the promise to.pay the twelve and a half per cent, by whatever term its character may be distinguished, entered info the consideration of the loan, and contaminates the whole,
The motion is refused.
Justices Colcock, Nott, Gantt, Richardson and Huger-.concurred.